UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA HARVEY,

    Plaintiff,

v.                                                          Case No. 1:17-cv-227
                                                         Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied her claim for supplement security income (SSI).

Plaintiff alleged an amended disability onset date of September 30, 2014. PageID.50.[1] She identified her disabling conditions as: arthritis in knees; chronic obstructive pulmonary disease (COPD); shortness of breath; sleep problems; headaches; chronic wheezing and coughing; pain and numbness in both hands and wrists; loss of grip strength in both hands; inability to lift over ten pounds with either hand; pain and tightness in the chest; and "spurs". PageID.233. Prior to applying for SSI, plaintiff completed the eighth grade, and later earned a cooking certificate. PageID.235. Plaintiff identified her past employment as a restaurant cook,

---

[1] Plaintiff originally filed this claim for both disability insurance benefits (DIB) and SSI, with an alleged disability onset date of January 1, 2012. However, plaintiff amended her onset date to September 30, 2014, a date after the date last insured. At the hearing, plaintiff, through her representative, voluntary withdrew her request for a hearing on her DIB claim, resulting of the dismissal of that claim. PageID.50-51.

retail manager, and home caregiver. PageID.235. The administrative law judge (ALJ) made the following clarification on plaintiff's work history:

> Ms. Harvey has worked in the past 15 years, as a cashier, management trainee, and retail store manager for Dollar General. (Although she has performed other jobs, I find that those did not rise to the level of substantial gainful activity.)

PageID.57.

The ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 29, 2016. PageID.50-59. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I.     LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional

capacity (determined at step four) and vocational profile." *Id*. If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since her amended onset date of September 30, 2014. PageID.52. At the second step, the ALJ found that plaintiff had severe impairments of COPD, asthma and diabetes. *Id*. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.53.

The ALJ decided at the fourth step that:

> Ms. Harvey has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b) with the following: Specifically, at her best Ms. Harvey is able to lift or carry up to 20 pounds occasionally or 10 pounds frequently. She can stand or walk for up to six hours of an 8-hour workday. She can sit for up to six hours of an 8-hour workday. She can occasionally climb stairs or ramps, but cannot climb ladders or scaffolds. She can frequently balance on a moving platform, stoop, kneel, crouch, or crawl. The work Ms. Harvey can perform involves rare exposure to extreme cold, or to fumes, dust, smoke, or environmental pollutants.

PageID.58.

The ALJ also found that plaintiff is capable of performing her past relevant work as a cashier, management trainee, and retail store manager. PageID.57. This work does not require the performance of work-related activities precluded by her residual functional capacity (RFC). *Id*. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 30, 2014 (the amended onset date) through June 29, 2016 (the date of the decision). PageID.59.

### III. DISCUSSION

Plaintiff set forth three issues on appeal:

**A. The ALJ's Step 3 determination is improper and not supported by substantial evidence.**

Plaintiff contends that the ALJ's decision did not properly evaluate whether she met the requirements Listing 3.02. A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). "[N]either the listings nor the Sixth Circuit require the ALJ to address every listing or to discuss listings that the applicant clearly does not meet." *Smith-Johnson v. Commissioner of Social Security*, 579 Fed. Appx. 426, 432 (6th Cir. 2014). "The ALJ should discuss the relevant listing, however, where the record raises a substantial question as to whether [the claimant] could qualify as disabled" under a listing." *Id*.

In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Evans*, 820 F.2d at 164. The medical criteria for a listing, i.e., the inability to perform "gainful activity," presents a higher level of severity from the statutory standard, i.e., the inability to perform "substantial gainful activity." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

5

"The reason for this difference between the listings' level of severity and the statutory standard is that, for adults, the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id*.

An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §416.925(d). Thus, a claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Services*, 816 F.2d 1078, 1083 (6th Cir.1987). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education or work experience. 20 C.F.R. §416.920(d).

Here, the ALJ determined that Listing 3.02 was one of the relevant listings:

> I considered all of the Listings found in 20 C.F.R. Part 404, Subpart P, Appendix 1, paying particular attention to Listing 3.02 (Chronic pulmonary insufficiency), 3.03 (Asthma), and 9.00 (Endocrine disorders). The medical evidence did not document Listing-level severity, and no acceptable medical source had mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.
>
> Listing 3.02 is used to evaluate chronic obstructive pulmonary or chronic restrictive ventilator disease with documentation of severity matching very specific numerical measurements.
>
> In this case, Ms. Harvey has been diagnosed with COPD, but the record does not document the numerical levels of severity, which this Listing requires.

PageID.53.

Plaintiff contends that the ALJ failed to properly address Listing 3.02 stating:

6

> Listing 3.02 *Chronic respiratory disorders* requires that the claimant must experience FEV1 levels of 1.35 or lower, based on her height of 66 inches. (PageID.101). It is required of the ALJ to consider the highest value of the claimant's FEV1 to assess the severity of the respiratory impairment. In this case, the September 30, 2014 pulmonary function test indicated FEV1 levels of 1.25 (pre) and 1.37 (post). (PageID.351). Even though the Plaintiff's highest value exceeds the required numerical value of 1.35 for Listing 3.02 with an FEV1 of 1.37, if the Plaintiff was merely one-half of an inch taller she would meet the required level of being less than 1.45.
>
> The ALJ simply stated the Plaintiff did not meet the Listing 3.02 because the record does not document the numerical levels of severity. (PageID.53). This brief statement provided no analysis as to whether the Plaintiff's COPD could medically equal Listing 3.02.

Plaintiff's Brief (ECF No. 11, PageID.559).

The ALJ found, and plaintiff acknowledged, that she did not meet the requirements of Listing 3.02. There is no further inquiry. Accordingly, plaintiff's claim of error will be denied.

### B. The ALJ failed to obtain an expert medical opinion on the issue of medical equivalency.

Whether plaintiff has demonstrated medical equivalency to a listing presents a different issue. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* criteria for the one most similar listed impairment." *Sullivan*, 493 U.S. at 531 (emphasis in original). A social security claimant cannot qualify for benefits under the equivalence step by merely "showing that the overall functional impact of his unlisted impairment or combination of impairments is as severe as that of a listed impairment." *Id*. An impairment will be deemed medically equivalent to a listed impairment if the symptoms, signs and laboratory findings as shown in the medical evidence are at least equal in severity and duration to a listed impairment. *See Land v. Secretary of Health and Human Services*, 814 F.2d 241, 245 (6th Cir.1986). Generally, the opinion of a medical expert is required before a determination of medical

7

equivalence is made. *Retka v. Commissioner of Social Security*, No. 94-2013, 1995 WL 697215 at *2 (6th Cir. Nov 22, 1995).

Here, the ALJ made no determination regarding the medical equivalence of plaintiff's condition. However, it is plaintiff's burden to establish equivalence at step three.

> The argument that an ALJ is obligated to obtain an expert medical opinion on the question of medical equivalence has been persuasively rejected by other courts in this District. *See, e.g., Garza v. Commissioner of Social Security*, 2015 WL 8922011 at *6-9 (W.D. Mich., Nov. 25, 2015); *Clanton v. Commissioner of Social Security*, 2016 WL 74421 at *5-8 (W.D. Mich., Jan. 6, 2016). Moreover, as the Sixth Circuit authority cited by Plaintiff holds, Plaintiff bears the burden to demonstrate that her impairments meet or equal a listed impairment. *See Retka v. Commissioner of Social Security*, 1995 WL 697215 (6th Cir., Nov. 22, 1995) (recognizing that regardless whether a medical opinion on the issue of equivalence is required, "[i]t is the claimant's burden at this third step in the sequential evaluation to bring forth evidence to establish that he or she meets or equals a listed impairment"). Plaintiff cannot meet her burden in this regard.

*Bledsoe v. Commissioner of Social. Security*, No. 1:16-CV-816, 2017 WL 3392763, at *6 (W.D. Mich. Aug. 8, 2017). Accordingly, plaintiff's claim of error will be denied.

### C. The ALJ failed to create an accurate RFC assessment and erroneously found the plaintiff could perform past work at step four.

It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir.1987); 42 U.S.C. § 423(d)(2)(A) ("[a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy").

Here, the ALJ concluded at step four that plaintiff could perform her past relevant work, stating in pertinent part:

> I asked the vocational expert if a hypothetical person of Ms. Harvey's age, education and past work experience, with the residual functional capacity as I have described it above, would be able to perform Ms. Harvey's past relevant work.
>
> The vocational expert testified that a hypothetical worker of Ms. Harvey's age, education and work experience, with the residual functional capacity as noted above, could perform all of Ms. Harvey's past relevant work as it is generally performed.
>
> In comparing Ms. Harvey's residual functional capacity with the physical and mental demands of this work, I find that Ms. Harvey is able to perform it as generally performed. The vocational expert testified that Ms. Harvey's past relevant work as a cashier, management trainee, and retail store manager, as they are described in the DOT, are light exertion jobs. A light vocational [sic] would require an employee to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds in addition to the physical demands of sedentary work (see 20 C.F.R. § 404.1567). The vocational expert testified that a hypothetical individual with Ms. Harvey's residual functional capacity would be able to perform the requirements of these jobs, based on the description of the duties of the job that appear in the DOT. The vocational expert's qualifications and testimony were uncontested.

PageID.58.

Plaintiff does not dispute the ALJ's method of finding that she can perform her past relevant work. Rather, plaintiff disputes the ALJ's RFC determination, contending that the medical evidence supports a finding that she can perform only sedentary work, because she "has significant limitations in her ability to stand and walk for prolonged periods of time due to her severe breathing issues, arthritis in her knees, and excessive daytime fatigue. (PageID.323,.324,.345)" and testified "that she would not be able to tolerate the standing, walking or lifting demands of light work. (PageID.83,.85,.86)." Plaintiff's Brief at PageID.563.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of her medically determinable impairments. 20 C.F.R. § 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). As discussed, *supra*, the ALJ found that plaintiff had the RFC to perform a limited range of light work. The ALJ made this finding after reviewing plaintiff's medical history and other evidence, including her testimony. PageID.54-57. The ALJ's RFC finding was supported by substantial evidence. Accordingly, this claim of error will be denied.

## IV.  CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated:  March 27, 2018                               /s/ Ray Kent
                                                     United States Magistrate Judge